UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - X

ROBERT J. MAHONEY,

                Plaintiff,    <u>ORDER</u>

    - against -                CV 2004-0554 (BAF)(MDG)

KEYSPAN CORPORATION,

                Defendant.

- - - - - - - - - - - - - - - - - - - X

    Plaintiff Robert J. Mahoney seeks an order pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure precluding Dr. David Zaumeyer, defendant's economic damages expert, from testifying at trial and excluding his report from evidence. <u>See</u> ct. doc. 52. Plaintiff argues that defendant failed to comply with expert disclosure requirements under Rule 26 by not disclosing the report until May 29, 2007, more than one and a half years after plaintiff served his expert's report and the October 31, 2005 discovery deadline. Defendant responds that plaintiff will not be prejudiced by the late disclosure since there is sufficient time before trial for plaintiff to depose Dr. Zaumeyer.

DISCUSSION

Rule 37(c)(1) provides, "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use [it] as evidence at a trial . . . . In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions." Fed. R. Civ. P. 37(c)(1). Notwithstanding the seemingly mandatory language of the rule, even where the failure to disclose is neither "justifi[ed]" nor "harmless," the Second Circuit has viewed the imposition of sanctions as discretionary and district courts have generally not ordered preclusion. See Design Strategy, Inc. v. Davis, 469 F.3d 284, 297-98 (2d Cir. 2006); Northington v. Gospel Volunteers, Inc., No. 04 CIV 7589, 2007 WL 1175292, at *1 (S.D.N.Y. Apr. 18, 2007); Atkins v. County of Orange, 372 F. Supp. 2d 377, 396 (S.D.N.Y. 2005) (citing cases); Potter v. Phillips, No. CV 03-4942, 2004 WL 3250122, at *2 (E.D.N.Y. Mar. 28, 2004) ("the imposition of sanctions under this rule is discretionary, and preclusion is ordered only rarely"). Even where the failure to disclose is neither "substantial[ly] justifi[ed]" nor "harmless," preclusion is not automatic. See Design, 469 F.3d at 297-98.

In analyzing whether preclusion of expert testimony is an appropriate sanction under Rule 37, courts must consider the

factors set forth in Softel, Inc. v. Dragon Med. & Scientific Comm., Inc., 118 F.3d 955 (2d Cir. 1997).  See Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2004); Atkins, 372 F. Supp. 2d at 396.  These factors are: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance."  Softel, 118 F.3d at 961 (citing Outley v. City of New York, 837 F.2d 587, 590-91 (2d Cir. 1988)); see also Patterson, 440 F.3d at 117.

The first factor weighs in favor of preclusion.  The denial of defendant's summary judgment motion does not justify the failure to timely disclose its expert.  Clearly, defendant should not have waited until disposition of its summary judgment motion to retain an expert on damages.  However, there has been no showing that defendant acted in bad faith.

On the other hand, the Court finds that expert testimony is of some importance to defendant.  Absent the testimony of Dr. Zaumeyer, defendant's only expert, defendant will be limited to cross-examining plaintiff's expert on economic damages.

Finally, there is minimal prejudice to plaintiff since there is sufficient time to allow plaintiff to depose Dr. Zaumeyer and submit a rebuttal report if plaintiff wishes.  See Northington, 2007 WL 1175292, at *1; Cartier, Inc. v. Four Star Jewelry

Creations, Inc., 01 Civ. 11295, 2003 U.S. Dist. LEXIS 19417, at *4-*5 (S.D.N.Y. Oct. 31, 2003). The Honorable Bernard A. Friedman has scheduled a final pretrial/settlement conference to be held on August 7, 2007, more than three months after defendant disclosed his expert's report. Moreover, as plaintiff already has retained its own expert to testify regarding economic damages, there is no need for plaintiff to retain a new expert. By contrast, in Wolak v. Spucci, 217 F.3d 157 (2d Cir. 2000), relied on by plaintiff, Wolak waited until three weeks before trial to disclose that she intended to call an expert. In holding that the district court did not abuse its discretion in precluding Wolak's expert from testifying, the Second Circuit explained that "[b]ecause the disclosure came so late, defendants would have been hard pressed to depose Wolak's expert and to find one of their own." 217 F.3d at 159. Although defendant's disclosure of its expert report was well past the discovery deadline here, there is ample time before trial to cure any prejudice plaintiff would otherwise suffer. Cf. Patterson, 440 F.3d at 118 (affirming district court's preclusion of witness testimony disclosed ten days before trial); Fed. R. Civ. P. 26(b)(2)(C) ("In the absence of other directions from the court or stipulation by the parties, the disclosures [of expert testimony] shall be made at least 90 days before the trial date or the date the case is to be ready for trial . . . .")

Therefore, having considered the relevant factors, I decline to order preclusion of defendant's expert's testimony. Nevertheless, to the extent that the expedited schedule causes plaintiff to incur incidental expenses, defendant is ordered to pay those reasonable costs incurred upon presentation of appropriate proof.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to preclude Dr. Zaumeyer's testimony is denied, but defendant must pay any incidental costs occasioned by the expedited schedule. The expert discovery deadline is extended to July 16, 2007 for plaintiff to serve any rebuttal report and to July 27, 2007 for plaintiff to depose Dr. Zaumeyer on the matters discussed in defendant's expert report.

**SO ORDERED.**

Dated:   Brooklyn, New York
         June 6, 2007

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE